OPINION OF THE COURT
Michael D. Stallman, J.
Petitioner KST Realty LLC, the landlord and owner of the premises located at 2258 Grand Avenue, Bronx, New York, brings this CPLR article 78 petition to challenge respondents’ determination to deduct payments from petitioner for tenant, E.M., intended for other tenants of the premises who hold section 8 vouchers administered by respondents. Petitioner seeks an order:
1. vacating respondents’ determination under which respondents have deducted and continued to deduct for sums originally paid to petitioner for the section 8 subsidy of tenant, E.M.;
*936 2. reimbursing all payments to petitioner for E.M. which respondents have erroneously reclaimed; and/or
3. permanently enjoining respondents from deducting any future amounts originally paid by respondents for E.M.’s subsidy to petitioner.
Respondents oppose the petition and counterclaim seeking to recover the remainder of overpayments to petitioner, including causes of action for:
1. moneys had and received;
2. payment made under mistake of fact;
3. conversion;
4. the common-law right of a government entity to recoup erroneously disbursed public funds; and
5. a judgment declaring respondents are entitled to retain the subsidies already recouped ($11,630.05) and recoup an additional $20,276.98 from petitioner from subsidies otherwise payable to petitioner for its other section 8 tenants — $20,276.98 representing the difference between total overpayments ($31,907.03) and the amount of subsidies the respondents have already recouped from April 2014 to October 2014 ($11,630.05).
Background
Petitioner KST Realty LLC is the landlord and owner of the premises located at 2258 Grand Avenue, Bronx, New York. (Petition j[ 1.) The New York City Housing Authority (NYCHA) administers section 8 vouchers for certain tenants at the premises, including E.M. who resided in apartment 3D (voucher No. 0047682). (Id. 1 9.) By letter dated March 17, 2014, NYCHA informed petitioner that it had overpaid petitioner by $31,907.03 from March 7, 2014 to April 30, 2014. (Id., exhibit B.) By another letter dated March 17, 2014, NYCHA informed petitioner that E.M.’s subsidy was terminated effective August 31, 2011 because E.M. had been institutionalized. (Id., exhibit C; answer, exhibits F, G.) According to respondents, petitioner “continued to receive Section 8 subsidies from [NYCHA] for a portion of E.M.’s rent from September 2011 through March 2014, payments totaling $31,907.03.” (Answer f 21.) NYCHA then sent the March 17, 2014 termination letter “because under federal regulations and its Housing Assistance Payment (HAP) contract with [p]etitioner, [NYCHA] can only pay subsidies while the family is residing in the apartment.” (Id. [internal quotation marks and citations omitted].)
*937 In April 2014, respondents deducted $633.55 from the total payment intended to cover subsidies for all section 8 tenants in the premises for that month. (Petition 19, exhibit D.) From May 2014 to August 2014, NYCHA did not pay petitioner subsidies for the other section 8 tenants in the premises. (Id. f 20.) Petitioner alleges it was entitled to $1,809.55 per month for those months, for a total of $7,238.20. (Id. f 21.)
According to respondents, NYCHA recouped part of its purported $31,907.03 overpayment to petitioner by withholding $11,630.05 in subsidies that it would have otherwise paid to petitioner for the other section 8 tenants in the premises because petitioner failed to send NYCHA a check for the overpayment as requested in the March 17, 2014 letter. (Answer, exhibit A.)
By letter dated January 23, 2012, NYCHA notified petitioner of housing quality standards (HQS) violations in E.M.’s apartment as of that date. (Id., exhibit E.) Petitioner alleges, upon information and belief, that E.M. provided access to NYCHA to her apartment for the HQS inspection and continued to make payments to NYCHA after August 31, 2011. (Petition f f 25-27, exhibit G.) Petitioner also alleges that NYCHA may have not terminated E.M.’s section 8 subsidy until September 7, 2013 due to lack of certification. (Id. ^ 26, exhibit F.) Petitioner claims that it is owed $7,871.15 in subsidy arrears wrongly reclaimed by respondents for E.M.’s subsidy through August 2014. (Id. f 30.)
Petitioner commenced this article 78 proceeding on September 5, 2014.
Discussion
Respondents argue that the petition should be dismissed because (1) NYCHA’s determination to terminate section 8 subsidies to petitioner effective August 31, 2011, which resulted in the recoupment of its erroneous payments, was not arbitrary and capricious or an abuse of discretion but rather rational and a prudent exercise of its discretion and in compliance with the requirements of federal law governing the use of the federal government’s funds in the section 8 subsidy program and the terms of the parties’ HAP contract; and (2) to the extent that petitioner seeks to enjoin NYCHA from further recouping overpayments, and seeks a judgment from NYCHA for the subsidies already recouped, the petition fails to state a cause of action.
*938 Respondents also bring counterclaims seeking to recover the remainder of overpayments to petitioner, including causes of action for: (1) moneys had and received; (2) payment made under mistake of fact; (3) conversion; (4) the common-law right of a government entity to recoup erroneously disbursed public funds; and (5) a judgment declaring respondents are entitled to retain the subsidies already recouped ($11,630.05) and recoup an additional $20,276.98 from petitioner from subsidies otherwise payable to petitioner for its other section 8 tenants.
“In reviewing administrative proceedings in general,” courts are “limited to considering ‘whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion.’ ” (Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363 [1986], quoting CPLR 7803 [3]; see also Matter of Royal Realty Co. v New York State Div. of Hous. & Community Renewal, 161 AD2d 404, 405 [1st Dept 1990].) “[T]he proper test is whether there is a rational basis for the administrative orders .... Rationality is what is reviewed under . . . the arbitrary and capricious standard.” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974] [internal quotation marks omitted].) Here, NYCHA had a rational basis for terminating E.M.’s section 8 subsidy and recouping its overpayment to petitioner from subsidies for other section 8 tenants in the premises.
Federal regulations governing the section 8 program prohibit public housing agencies (PHA) such as NYCHA that administer the program from paying subsidies to a landlord for a tenant who has moved out of an apartment.
“Housing assistance payments may only be paid to the owner during the lease term, and while the family is residing in the unit. . . .
“If the family moves out of the unit, the PHA may not make any housing assistance payment to the owner for any month after the month when the family moves out.” (24 CFR 982.311 [a], [d] [1].)
Additionally the parties’ HAP contract, mirroring the federal regulations, states “[bjousing assistance payments shall only be paid to the owner while the family is residing in the contract unit for the term of the HAP contract. The PHA shall not pay a housing assistance payment to the owner for any month after the month when the family moves out.” (Answer, exhibit D.) If *939 NYCHA determines that an owner is not entitled to all or part of a subsidy already paid to the owner, under both federal regulations and the HAP contract, NYCHA may, among other remedies, recover the amount of the overpayment from the landlord. (See 24 CFR 982.453 [b] [“The PHA rights and remedies against the owner under the HAP contract include recovery of overpayments”]; answer, exhibit D [“The PHA’s rights and remedies for owner breach of the HAP contract include recovery of overpayments”].) Given the federal regulations and HAP contract, NYCHA had a rational basis for terminating E.M.’s subsidy effective August 31, 2011 upon notification from E.M.’s social worker, Noemi Rivera, and E.M.’s sister, Nancy E.M., informing NYCHA that E.M. had moved out of her apartment due to being institutionalized in August 2011. (See answer, exhibits F, G.)
NYCHA also had a rational basis for recouping overpayments it made to petitioner for E.M.’s section 8 subsidy after August 2011 when E.M. had moved out of her apartment by withholding subsidies NYCHA otherwise would have paid petitioner for other section 8 tenants in the premises. Section 8 is an attempt to provide for affordable housing by a subsidy of market rate housing as opposed to constructing or rehabilitating housing to be rented at below market rate rentals. It is not really a tenant subsidy as much as a landlord subsidy as the government has opted to pay a portion of rent to encourage landlords to rent to tenants that cannot afford the full market rate or rent regulated/subsidized/controlled rates. Thus, the government makes sure that a tenant’s rent is paid because it is given directly to the landlord. Here, NYCHA made sure that E.M.’s rent was paid by paying the section 8 subsidy directly to petitioner. NYCHA sent two letters dated March 17, 2014 to petitioner notifying petitioner that E.M. no longer occupied the apartment and requesting a refund of its overpayment. When NYCHA did not receive any payments from petitioner, it recouped the payments from petitioner’s subsidies for other section 8 tenants within the premises. An agency determination “need not be the best which could have been made and need not be free from flaws — it must only have a rational basis.” (Matter of Walker v Franco, 275 AD2d 627, 628 [1st Dept 2000] [finding that NYCHA’s determination to terminate petitioner’s public housing tenancy was rational].) Federal regulations and the HAP contract allow NYCHA to recoup section 8 overpayments; thus NYCHA’s action was rational. (See 24 CFR 982.453 [b] [“The PHA rights and remedies against *940 the owner under the HAP contract include recovery of overpayments”]; answer, exhibit D [“The PHA’s rights and remedies for owner breach of the HAP contract include recovery of overpayments”].) In addition, in at least one other state, specifically Nebraska, an appellate court has upheld the recoupment of overpayments in a similar manner by a public housing agency. (See Thirty LLC v Omaha Hous. Auth., 17 Neb App 715, 771 NW2d 165 [2009] [finding that the Omaha Housing Authority had the right to deduct overpayment from any amounts due to the landlord including amounts due under other section 8 assistance contracts].)
Petitioner’s arguments that NYCHA’s determination was irrational because (1) under the Real Property Law, NYCHA could not terminate E.M.’s housing subsidy because her son lived in the apartment and under federal regulations, neither she nor her son were absent for 180 consecutive days before that date and (2) the underlying record is based on insufficient evidence are not persuasive. With respect to the first argument, petitioner’s former lease may have given E.M.’s son the right to live in the apartment, but federal section 8 subsidy payments impose additional requirements including that the tenant furnish information about total household income and family composition, which includes information about any family members living with the section 8 tenant. (See 24 CFR 982.551 [b], [h].) Respondents allege that E.M. never reported any family members living with her, and E.M. was the only approved resident for section 8 assistance. (See answer, exhibit E, Tesoriero aff.) Thus, the Real Property Law is not applicable in this instance. Moreover, NYCHA acted within its discretion to determine, based upon the evidence available, that E.M. was absent for more than a “brief period” and more than “180 consecutive calendar days.” (24 CFR 982.312 [a].) “[A]n agency’s interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness.” (Seittelman v Sabol, 91 NY2d 618, 625 [1998].) With respect to the second argument, the Court of Appeals has held that a court “may not substitute its own judgment of the evidence for that of the administrative agency, but should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency’s determination is predicated.” (Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979].) Here, there is a rational basis to support NYCHA’s determination to terminate E.M.’s lease and recoup overpay- *941 merits from petitioner and this court “may not substitute its own judgment of the evidence” for that of NYCHA. (Id. )
Petitioner also alleges that E.M. remained in the apartment after August 2011 because, upon information and belief, NYCHA was able to perform an HQS inspection as E.M. allowed the inspector into the apartment and E.M.’s termination may have been in September 2013 due to lack of section 8 certification. Respondents argue that the HQS inspection letter from January 23, 2012 contains no evidence demonstrating that E.M. granted the inspector access. Respondents also allege that the notice of possible termination was sent to E.M. as of July 24, 2013 because she had failed to comply with the section 8 program requirement of submitting annual recertification paper work, but she later complied in time and no termination occurred. However, respondents argue that E.M.’s failure to submit the required paper work also does not prove that E.M. still resided in the apartment after August 2011. Therefore, the court directs a framed issue hearing before a judicial hearing officer (JHO) or special referee as to the date when E.M. no longer occupied the apartment and the amount petitioner owes to respondents for overpayments to petitioner for E.M.’s section 8 subsidy after she left the apartment.
For the reasons set forth above, the article 78 petition is denied. The court need not address respondents’ counterclaims as they are resolved in the denial of the petition.
The court need not address any remaining contentions.
Conclusion
Accordingly, it is hereby adjudged that the petition is denied; and it is further adjudged and declared that respondent NYCHA has recouped a portion of section 8 payments made to petitioner on behalf of current tenants residing in the premises other than the former tenant E.M. for overpayments to petitioner for E.M.’s section 8 subsidy; and it is further ordered that a framed issue hearing is directed and that a JHO/special referee shall be designated to hear and report to this court (or to hear and determine, upon stipulation of the parties) on the following individual issues of fact, which are hereby submitted to the JHO/special referee for such purpose: the date tenant E.M. no longer occupied the apartment in the premises and the amount petitioner owes to respondents for overpayments to petitioner for E.M.’s section 8 subsidy after she left the apartment; and it is further ordered that the part of the article 78 *942 proceeding to determine the amount petitioner owes respondents is held in abeyance pending receipt of the report and recommendations of the JHO/special referee and the determination of this court thereon, or the filing of the determination of the JHO/special referee to determine; and it is further ordered that the powers of the JHO/special referee shall not be limited further than as set forth in the CPLR.