New York City Hous. Auth. v Odellas (2026 NY Slip Op 50227(U))

[*1]

New York City Hous. Auth. v Odellas

2026 NY Slip Op 50227(U)

Decided on February 24, 2026

Civil Court Of The City Of New York, New York County

Tien, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2026
Civil Court of the City of New York, New York County

New York City Housing Authority, Plaintiff,

againstPaula E Odellas, Defendant

Index No. CV-004482-21/NY

Plaintiff's counsel:Simon Meyrowitz & Meyrowitz PC355 Lexington Ave, 4th FloorNew York, NY 10017Defendant:Paula E. Odellas, self-represented 
Defendant's counsel:N/A

Alice Tam Tien, J.

Plaintiff commenced this action to recover the alleged overpayment of Section 8 rental subsidies from defendant in the sum of $1,197.85.
On February 11, 2026, this court conducted a non-jury trial on the electronic record ("FTR"). Plaintiff appeared by counsel, presented one witness, Charisse Johnson ("Johnson"), and introduced five exhibits, marked plaintiff's 1-5. Defendant Paula E. Odellas appeared pro se and testified at trial. Defendant introduced four exhibits, marked defendant's A-D.FINDINGS OF FACTRecitation, as required by CPLR 4213(b), of the finding of essential facts relied upon by the Court:
Johnson testified that she has been employed by plaintiff as a Section 8 Housing Assistant for twelve years and is familiar with the records maintained by plaintiff regarding Section 8 rental subsidies ("subsidy"). She stated that a Housing Assistance Payment contract ("HAP") governs the relationship between plaintiff and landlords who accept subsidies on behalf of eligible tenants. Pursuant to a HAP executed in 2009, defendant was the owner of the premises located at 1970 E. Tremont Avenue, Apartment 3A, in Bronx County (apartment). Johnson testified that defendant was receiving subsidy payments in the amount of $1,197.85 per month for a tenant named Lila Quintons ("tenant") and that the tenant moved out of the apartment in June of 2020. She testified that plaintiff continued to make subsidy payments to defendant in July, and August of 2020. By Service Request Information ending 60490, plaintiff made an "administrative determination" that subsidy payments needed to be recouped from the defendant for the months of June through August of 2020 ("administrative determination"). By [*2]letter dated August 27, 2020, plaintiff informed defendant that an overpayment of subsidies for the months of June, July, and August of 2020 and requested repayment of such overpayment ("Overpayment Letter"). By Service Request Information ending 93765, another administrative determination was made for a payment adjustment reinstatement for the month of June 2020 since the tenant returned the keys to the apartment in mid-month of June 2020. Johnson further testified that before February of 2023, defendant owed $2,395.70, representing two months of subsidy overpayments. By letter dated February 2, 2023, plaintiff notified defendant that the period of overpayment was from June 1, 2021 to June 30, 2021, and that the overpayment amount was $1,197.85 ("February 2023 letter"). Johnson conceded that the February 2023 letter was sent in error and that the information contained within it was also erroneous. Johnson testified that she was not aware of plaintiff sending any further notifications to defendant after the February 2023 letter. She further stated that plaintiff did not notify defendant that there was clerical error in the February 2023 letter, specifically that the period of overpayment is from June 1, 2021 to June 30, 2021 with the amount of $1,197.85 owed. Johnson stated that there is no procedure in place to rectify the clerical error. Johnson indicated that other than defendant relying on the overpayment letter and/or contacting plaintiff, there would have been no way for defendant to know that the February 2023 letter was sent in error. Plaintiff's internal ledger ("ledger") indicates that defendant made a payment of $1,197.85 on February 15, 2023, leaving a balance of $1,197.85 due and owing (plaintiff's exhibit 5). Plaintiff conceded that landlords do not receive a copy of the ledger and was uncertain as to whether landlords have access to the ledger.
Defendant testified credibly. She acknowledged receiving the Overpayment Letter. She indicated that she "had it in dispute' with plaintiff and that she wrote many emails and letters requesting a reconsiderations since she had "expenses to prepare the apartment for the next tenant." According to defendant, she never received anything in response from plaintiff. She further testified that she never received any notification from plaintiff that a payment adjustment reinstatement was made for the month of June 2020. She stated that when she received the February 2023 letter with the new balance for a different period of overpayment, she believed that plaintiff had reconsidered its initial determination of overpayment. As such, she paid the balance according to the February2023 letter to clear it "off [her] plate. She testified that she never received any further notification after the February 2023 letter, including anything to inform her that the February 2023 letter was sent in error.

CONCLUSIONS OF LAW
It is plaintiff's burden to establish their cause of action by a preponderance of the evidence. "The evidence must be of such weight as to produce a reasonable belief in the truth of the facts asserted; mere proof of a possibility is insufficient to establish a fact by a preponderance of the evidence" 8 Carmody-Wait 2d § 56:14.
Here, plaintiff has established by a preponderance of evidence that plaintiff is entitled to recover the overpayment of rental subsidies to defendant for the months of July 2020 and August 2020. Plaintiff established that the tenant moved out in mid-June of 2020 and that it reinstated the payment of subsidies to defendant for the month of June 2020, leaving a balance of $2,395.70. Plaintiff further established that defendant made one payment of $1,197.85 in February of 2023, thereby leaving $1,197.85. Defendant's argument that plaintiff should pay her for expenses in preparation for the next tenant is unavailing since the terms and conditions under the HAP do not provide for such payment. Under the terms of the HAP, subsidy payments "shall [*3]only be paid to the owner while the [tenant] is residing in the contract unit . . . and not any month after the month the [tenant] moves out" (emphasis added.) (plaintiff's exhibit 1, ¶ 7[a][4]). Under the HAP, plaintiff was entitled to recoup overpayments from defendant for the months of July and August 2020 (see New York City Housing Authority v Reichman, 65 Misc 3d 127(A) [App Term, 1st Dept 2019]; KST Realty LLC v Olatoye, 49 Misc 3d 934 [Sup Ct, NY County 2015]).
Inasmuch as the court is sympathetic to any confusion defendant may have experienced due to a lack of notice that the February 2023 letter was sent in error, defendant, however, did not dispute that the tenant moved out in June of 2020 and that defendant continued to receive subsidy payments for the next two months even though the tenant no longer resided there. Although the court finds that plaintiff's failure to have any procedure in place to notify landlords when a "clerical error" has been made leaves landlords in an untenable position, nonetheless, the court is constrained to find in favor of plaintiff.

 VERDICT
The court finds in favor of plaintiff in the amount of $1,197.85, plus interest from August 31, 2020.

 ORDER
Accordingly, it is hereby ORDERED that plaintiff New York City Housing Authority is entitled to judgment in its favor as against defendant Paula E. Odellas, in the amount of $1,197.85 plus interest from August 31, 2020; and it is further
ORDERED, that the Clerk shall enter judgment in favor of plaintiff New York City Housing Authority accordingly.
This constitutes the decision, verdict and order of the court.
DATED: February 24, 2026New York, New YorkHon. Alice Tam TienJudge of the Civil Court